UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
SOROS FUND MANAGEMENT LLC,

                      Plaintiff,

                      v.

TRADEWINDS HOLIDNGS, INC. AND
COREOLIS HOLDINGS, INC.,

                      Defendants.

-----------------------------------------------------------x

Case No. 1:17-cv-3187

DECLARATION OF
ELLEN R. WERTHER
IN OPPOSITION TO PLAINTIFF'S
MOTION FOR A PRELIMINARY
INJUNCTION

I, Ellen R. Werther, pursuant to 28 U.S.C. §1746, declare, as follows:

1. I am a member in good standing of the Bar of this Court and a partner in the law firm of Ressler & Ressler, counsel for Defendants Coreolis Holdings, Inc. and TradeWinds Holdings, Inc. (together, "Coreolis), in the above-captioned action. I submit this Declaration in Opposition to Plaintiff's Motion for a Preliminary Injunction. Except as otherwise stated, the facts set forth herein are based on my personal knowledge and the pleadings filed in ongoing and prior litigation between the parties.

2. Coreolis and the Trustee for TradeWinds Airlines, Inc. ("TradeWinds Airlines") hold judgments, totaling more than $100 million, against C-S Aviation Services, Inc. ("C-S Aviation"), which remain unsatisfied. Those judgments were entered by the General Court of Justice, Superior Court Division, Guilford County, North Carolina, on July 26, 2010 and unanimously affirmed by the North Carolina Court of Appeals, and are now final and no longer subject to appeal (the "North Carolina Judgments").

1

3. In a previous veil-piercing action before this Court, Coreolis and TradeWinds Airlines sought to enforce the North Carolina Judgments against George Soros and Purnendu Chatterjee. *Coreolis Holdings, Inc., et al. v. George Soros, et al.* (Case No. 10-cv-08175 (JFK)), *TradeWinds Airlines, Inc. v. George Soros, et al.* (Case No. 08-cv-5901 (JFK)) (together, the "NY Actions"). Both actions were dismissed on summary judgment. *TradeWinds Airlines, Inc., et al. v. George Soros et al.*, 101 F. Supp.3d 270 (2015). The United States Court of Appeals for the Second Circuit affirmed on appeal. 637 F. App'x 53 (2d Cir. 2016).

4. Thereafter, Coreolis and TradeWinds Airlines commenced a single enforcement against C-S Aviation, the judgment debtor, and SFM, its alter ego in the General Court of Justice, Superior Court Division, Guilford County, North Carolina, Case Number 16 CVS 5433 (the "North Carolina Action"). That action was commenced on May 26, 2016.

5. Coreolis and TradeWinds Airlines promptly brought the commencement of the North Carolina Action to the Court's Honor's attention. Attached hereto as **Exhibit 1** is a copy of my letter to the Court of May 26, 2016, in which Coreolis and TradeWinds Airlines asked the Court to modify its prior protective order ("Protective Order") so that discovery material produced in the prior NY Action ("Discovery Material") could be used in connection with the North Carolina Action, subject to the same confidentiality provisions. *See* Exhibit 1.

6. Mr. Klotz, on behalf of George Soros, objected by letter dated June 3, 2016, claiming there was no urgent need for the use of those discovery materials. Mr. Klotz did not argue that the prosecution of the North Carolina Action would prejudice SFM or Mr. Soros. A copy of Mr. Klotz's letter of June 3, 2016 is attached as **Exhibit 2**.

7. By letter reply, dated June 6, 2016, Coreolis and TradeWinds Airlines explained to the Court that the Discovery Materials were needed at the outset of the North Carolina Action

in order to meet the evidentiary issues raised by a motion to dismiss for want of personal jurisdiction. A copy of that June 6, 2016 letter is attached as **Exhibit 3.**

8. On June 23, 2016, SFM removed the North Carolina Action to the United States District Court for the Middle District of North Carolina, *Trustee for TradeWinds Airlines, Inc. v. Soros Fund Mgmt. LLC*, No. 16-cv-0710 (M.D.N.D.) (the "NC District Court Action").

9. By letter dated July 6, 2016, Coreolis and TradeWinds Airlines notified this Court that the North Carolina Action had been removed, that a motion to remand would be shortly filed, and that the Discovery Materials would be needed in the NC District Court Action to support their remand motion, and to oppose SFM's anticipated motion to dismiss for want of personal jurisdiction. A copy of the July 6, 2017 letter is attached as **Exhibit 4.**

10. Mr. Klotz, on behalf of George Soros, again objected. By letter response dated July 7, 2016, Mr. Klotz acknowledged that SFM would be making a motion to dismiss in the NC District Court action shortly, but insisted that use of the Discovery Materials in the North Carolina actions was premature. A copy of Mr. Klotz' letter of July 7, 2016 is attached as **Exhibit 5**.

11. By Order dated July 20, 2016, this Court granted the Motion to Modify the Protective Order, and authorized the use of the Discovery Materials in the North Carolina Actions, subject to the same confidentiality provisions.[1]  A copy of the July 20, 2016 Memorandum Decision and Order is attached as **Exhibit 6**. The Court noted that the Discovery Materials would be used by the parties in the North Carolina Action to establish whether SFM was the alter ego of C-S Aviation:

---

[1] On consent, this excluded the Discovery Materials produced by Dr. Chatterjee in the NY Action.

> While Mr. Soros's counsel urges the Court to wait until the North Carolina action reaches a more advanced stage before modifying the Protective Order, he acknowledges that SFM intends to file a motion to dismiss the North Carolina Action for lack of personal jurisdiction …Specifically, SFM intends to argue that plaintiffs have failed to make a <u>prima facie</u> showing that SFM is the alter ego of C-S Aviation. … The current deadline for the motion is July 21, 2016. …. Because discovery of the actions litigated before this Court will very likely be useful in resolving the jurisdictional issue, the Court sees no reason to delay modifying the Protective Order.

See Exhibit 6 at 5-6 (internal citations omitted).

12. On July 20, 2016, the Court entered a Modified Protective Order (a copy of which is attached as **Exhibit 7**). The Modified Protective Order authorized the use of the Discovery Materials in the NC District Court Action and, "in the event that action is remanded to North Carolina state court, in the resulting state court action," subject to the confidentiality provisions set forth therein.

13. On July 21, 2016, SFM filed a Motion to Dismiss in the NC District Court, alleging, among other things, that SFM is not the alter ego of C-S Aviation. A copy of the SFM Brief in Support of its Motion to Dismiss is attached as **Exhibit 8**. That motion was held in abeyance by the North Carolina District Court pending resolution of the Motion to Remand.

14. On July 23, 2016, TradeWinds and Coreolis made a Motion to Remand the action back to the General Court of Justice of Guilford County, North Carolina, Superior Court Division, where the action had been commenced and where the North Carolina Judgments had been originally entered.

15. By Order dated March 31, 2017, the United States District Court for the Middle District of North Carolina (J. Biggs) remanded the case back to North Carolina state court, specifically to General Court of Justice of Guilford Court, North Carolina, Superior Court

Division. (A copy of the Remand Order is attached as **Exhibit 9**) The North Carolina District Court made reference to the NY Action against George Soros, and noted that:

> The court dismissed the action on summary judgment, observing, among other things, that the evidence showed that SFM controlled C-S Aviation during the relevant period, and did not support piercing the corporate veil to reach SFM's principals. *Soros*, 101 F.Supp. 2d at 272, 20-83.

Remand Order, Exhibit 9 at 2.   The Court held that C-S Aviation was a properly joined defendant to the lawsuit, and found that there were common questions of law and fact between the claims asserted against C-S Aviation and those asserted against SFM, which were properly tried in a single action. *Id*. at 15.   The Court concluded that, inasmuch as C-S Aviation was a properly joined defendant, it lacked diversity jurisdiction over the action and remanded to state court. *Id*.

16.   Upon remand, the District Court dismissed SFM's Motion to Dismiss as moot, leaving that motion to be later decided by the North Carolina state court. Exhibit 9 at 15.

17.   The Remand Order was docketed by the North Carolina state court on April 10, 2017, a copy of which is attached as **Exhibit 10**.   Accordingly, SFM's time to move to dismiss the Amended Complaint in the North Carolina state court was fixed at May 10, 2017.

18.   Rather than proceed in the North Carolina state court, as contemplated by District Court's Remand Order, SFM filed a Declaratory Judgment action in this Court on May 1, 2017, seeking to (a) enjoin the North Carolina state court from "holding any further proceedings" on the action remanded by District Court, (b) a preliminary and permanent injunction against Coreolis and Holdings from pursuing their claims in the action remanded to the North Carolina state court by the District Court, and (c) a declaratory judgment that SFM is not liable, as the alter ego of C-S Aviation, for the North Carolina Judgments. (Declaratory Judgment Complaint)

5

19. The Declaratory Judgment Complaint does not include the TradeWinds Airlines as a defendant, even though it is a plaintiff in the North Carolina Action, and it does not include claims against C-S Aviation, even though it is a defendant in the North Carolina Action.

20. Also on May 1, 2017, SFM moved by Order to Show Cause for a temporary restraining order and preliminary injunction enjoining Coreolis (but not Tradewinds Airlines) from prosecuting its claims against SFM and C-S Aviation in the North Carolina state court.

21. On May 2, 2017, this Court denied SFM's request for a Temporary Restraining Order, but entered an Order to Show Cause on SFM's motion for a Preliminary Injunction enjoining Coreolis (but not TradeWinds Airlines) from prosecuting its claims against SFM and C-S Aviation in the North Carolina state court.

22. On May 2, 2017, SFM filed a motion with the United States Bankruptcy Court for the Southern District of Florida where TradeWinds Airlines bankruptcy case is pending, for relief from the automatic stay to permit SFM to add TradeWinds Airlines as a defendant in this action, and seek an injunction against TradeWinds Airlines from litigating its claims against SFM and C-S Aviation in the North Carolina state court. A copy of the Motion to Lift Stay is attached as **Exhibit 11**. Responses to that Motion are not due until May 16, 2017, and it is uncertain when a hearing will be held in the Bankruptcy Court on the motion, or when it will be decided by the Bankruptcy Court.

I declare under penalty of perjury that the foregoing is true and correct. Executed in New York, NY, this 4th day of May, 2017.

_____
Ellen R. Werther