UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x
                                                   :
SOROS FUND MANAGEMENT LLC,
                                                   :          Case No. 1:17-cv-3187 (JFK)
            Plaintiff,
                                                   :

            v.                                     :

TRADEWINDS HOLIDNGS, INC. AND                      :
COREOLIS HOLDINGS, INC.,
                                                   :
            Defendants.

------------------------------------------------------x

## DEFENDANTS' MEMORANDUM OF LAW
## IN SUPPORT OF MOTION TO DISMISS
## DECLARATORY JUDGMENT ACTION

RESSLER & RESSLER
Bruce J. Ressler
Ellen R. Werther
48 Wall Street
New York, NY 10005
(212) 695-6446

*Attorneys for Defendants*
*Coreolis Holdings, Inc. and*
*TradeWinds Holdings, Inc.*

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ……………………………………………….. (ii)

PRELIMINARY STATEMENT …………….………………………….….. 1

RELEVANT BACKGROUND AND PROCEDURAL HISTORY……………… 3

LEGAL ARGUMENT ……………………………………………………... 8

I.   The Declaratory Judgment Complaint Should Be Dismissed
     Under Rule 12(b)(7) for Failure to Join TradeWinds Airlines
     And C-S Aviation …………………………………………………….. 8

II.  The Court Has Already Denied All Preliminary and Permanent
     Injunctive Relief Sought by SFM, Holding that It Lacks Authority
     Under the Anti-Injunction Statute to Enjoin the North Carolina State Court
     and the Parties from Proceeding in the North Carolina Action …………….. 11

III. This Court Should Abstain in Favor of the Pending North Carolina Action... 13

     1.  Under the *Wilton* Doctrine, a District Court Should Abstain from
         Hearing a Declaratory Judgment Action Where There is a Pending
         State Suit between the Same Parties Presenting the Same Issues,
         Not Governed by Federal Law ………………………………………. 13

     2.  The *Wilton* Abstention Doctrine Applies to SFM's Pure Declaratory
         Judgment Action …………………………………………………….. 20

     3.  Even if the *Colorado River* Doctrine Does Apply,
         Abstention is Warranted ……………………………………………... 20

CONCLUSION ……………………………………………………………… 22

# **TABLE OF AUTHORITIES**

<u>CASES</u>                                                                                                              <u>Page</u>

*Brillhart v. Excess Ins. Co.*,
    316 U.S. 491, 62 S. Ct. 1173, 86 L.Ed.2d 1620 (1942) ...............                     15-16

*Chick Kam Choo v. Exxon Corp.*,
    486 U.S. 140 (1988) ……………………………………………..                                  12

*Colorado River Water Conservation Dist. v. United States*,
    424 U.S. 800, 96 S. Ct. 1263, 47 L.Ed.2d 483 (1976) ……………..                     14, 20-22

*Dow Jones & Co. v. Harrods Ltd.*,
    346 F.3d 357 (2d Cir. 2003) ………………………………………..                         15

*Envirotech Corp. v. Bethlehem Steel Corp.*,
    729 F.2d 70 (2d Cir. 1984) …………………………………………                         9-11, 16

*Glenclova Inv. Co. v. Trans-Res., Inc.*,
    874 F. Supp. 2d 292 (S.D.N.Y. 2012) ………………………………                        15-16, 18, 21

*Green v. Mansour*,
    474 U.S. 64, 106 S. Ct. 423, 88 L.Ed.2d 371 (1985) ………………..                      14

*Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*,
    460 U.S. 1, 103 S. Ct. 927, 74 L. Ed.2d 765 (1983) ………………..                      21

*Niagara Mohawk Power Corp. v. Hudson River-Black
River Regulating Dist.*,
    673 F.3d 84 (2d Cir. 2012) ………………………………………..                         15

*Public Affairs Associates, Inc. v. Rickover*,
    369 U.S. 111, 82 S. Ct. 580, 7 L.Ed.2d 604 (1962) ………………….                      14

*Seneca Nation of Indians v. New York*,
    383 F.3d 45 (2d Cir. 2004) ………………………………………..                         9

*Smith v. Bayer Corp.*,
    564 U.S. 299, 131 S. Ct. 2368 (2011) ………………………………..                       12, 18

*Staffer v. Bouchard Transp. Co., Inc.*,
    878 F.2d 638 (2d Cir. 1989) ………………………………………..                         18

CASES                                                                          Page

*Tradewinds Airlines, Inc. v. Soros,*
  101 F.Supp.3d 270 (S.D.N.Y. 2015),
  *aff'd,* 637 F. App'x 53 (2d Cir. 2016) ……………………………...           3

*Wilton v. Seven Falls Co.,*
  515 U.S. 277 (1995) …………………………………………………          2-3, 13-21

*Woodford v. Cmty. Action Agency of Greene Cnty., Inc.,*
  239 F.3d 517 (2d. Cir. 2001) ………………………………………..           16, 21


STATUTES, RULES

All Writs Act, 28 U.S.C. §1651 ……………………………………………           1, 5, 12, 20

Declaratory Judgment Act, 28 U.S.C. §2201 …………………………….           2, 5, 14, 20

Anti-Injunction Act, 28 U.S.C. §2283 ……………………………………           1, 5, 12, 15, 20

Federal Rule of Civil Procedure 12(b)(7) …………………………………..           8

Federal Rule of Civil Procedure 19 ………………………………………           8

TREATISES

17A C. Wright, A. Miller & E. Cooper,
Federal Practice and Procedure § 4247 (2d. Ed. 1988) ………………………           14

Defendants Coreolis Holdings, Inc. and TradeWinds Holdings, Inc. (together, "Coreolis" or "Defendants") respectfully submit this Memorandum of Law in Support of their motion for a dismissal of this declaratory judgment action, on the basis of abstention and failure to join indispensible parties, in favor of a virtually identical state court action, captioned, *Trustee for TradeWinds Airlines, Inc., Coreolis Holdings, Inc. and TradeWinds Holdings, Inc. v. Soros Fund Mgmt. LLC,* which has been pending before the North Carolina state court since May 2016, where all the parties are present and all claims and defenses can be adjudicated.[1]

## PRELIMINARY STATEMENT

The instant Declaratory Judgment action seeks a ruling on whether Soros Fund Management LLC ("SFM") is the alter ego of C-S Aviation, which is precisely the issue currently pending before the North Carolina state court in Guilford County, in an action (the "North Carolina Action") commenced by Coreolis and TradeWinds Airlines, Inc. more than a year ago.  Resolution of this Declaratory Judgment action turns on the same issues and the same facts, and necessarily involves the same parties.

This Court has already denied SFM's request in Count I of the Declaratory Judgment Complaint for a preliminary and permanent injunction pursuant to the All Writs Act, 28 U.S.C. §1651 and 28 U.S.C. §2283, enjoining the parties from pursuing their claims in the North Carolina Action, and enjoining the North Carolina state court from holding any further proceedings in that action. (Werther Dec. Ex. 10, 13)  Accordingly, the North Carolina Action is proceeding, where all parties are included, and where all claims and defenses can be adjudicated as part of a single action.

---

[1] All defined terms used herein shall have the meaning specified in the Declaration of Ellen R. Werther, dated June 16, 2017 ("Werther Dec.").

Given this Court's denial of injunctive relief, all that remains is SFM's request in Count II for Declaratory Judgment pursuant to 28 U.S.C. §2201, that SFM is not the alter ego of C-S Aviation. This is the identical issue raised in the North Carolina Action, which is going forward on a parallel path.

SFM has commenced this duplicative Declaratory Judgment action for the sole purpose of avoiding the North Carolina state courts, which it perceives as less favorable. Notably, SFM has undertaken this effort in a piecemeal fashion, without TradeWinds Airlines (a plaintiff in the North Carolina Action) and without C-S Aviation (a defendant in that action). SFM is well aware that, without including all the parties, any Declaratory Judgment entered by this Court will adjudicate some but not all of the claims asserted in the North Carolina Action, and will bind some but not all of the parties to the North Carolina Action. Given that the North Carolina Action will be proceeding on a parallel path, and determining the identical issue raised in this Declaratory Judgment action, the risk of inconsistent judgments is quite real.

Moreover, this Court has already ruled that: "*Adequate relief for all parties involved can be achieved in the pending [North Carolina] State Court Action.*"[2]  SFM can raise any and all defenses in the North Carolina Action. Indeed, this Court expressly found it: "*is confident that the state courts of North Carolina are competent to evaluate [SFM's] arguments and determine whether [SFM] is entitled to any relief.*"[3]

Under these circumstances, for the reasons set forth below, the Court should dismiss this Declaratory Judgment action, on the basis of abstention, in favor of the North Carolina Action, where all the issues can be litigated and where adequate relief for all parties can be achieved. *See Wilton v. Seven Falls Co.,* 515 U.S. 277, 279, 115 S. Ct. 2137, 2139, 132 L. Ed. 2d 214

---

[2]  Werther Dec. Ex. 11.
[3]  Werther Dec. Ex. 13.

2

(1995) (Abstention in a declaratory judgment action is favored where it would avoid the risk of inconsistent judgments and piecemeal litigation of state-based claims, and where some but not all of the parties are before the federal court and not all of the claims can be fully adjudicated in the federal action.)

## RELEVANT BACKGROUND AND PROCEDURAL HISTORY

Coreolis and TradeWinds Airlines, Inc. hold judgments, totaling more than $100 million, against C-S Aviation, which remain unsatisfied. Those judgments were entered by the General Court of Justice, Superior Court Division, Guilford County, North Carolina, on July 26, 2010 and unanimously affirmed by the North Carolina Court of Appeals, and are now final and no longer subject to appeal. *See* Werther Dec. Ex. 1.

In a previous veil-piercing action before this Court, Coreolis and TradeWinds Airlines sought to enforce the North Carolina Judgments against George Soros and Purnendu Chatterjee. Both actions were dismissed on summary judgment. *TradeWinds Airlines, Inc., et al. v. George Soros et al.*, 101 F. Supp.3d 270 (2015), and affirmed by the Second Circuit on appeal. 637 F. App'x 53 (2d Cir. 2016). In that veil-piercing action, this Court considered and decided whether Mr. Soros or Mr. Chatterjee was the alter ego of C-S Aviation. It did not consider or decide whether SFM was the alter ego of C-S Aviation, leaving that separate issue open. *See* Werther Dec. Ex. 13.

Thereafter, Coreolis and TradeWinds Airlines commenced an enforcement action against C-S Aviation, the judgment debtor, and SFM, its alter ego, in the North Carolina Action in the General Court of Justice, Superior Court Division, Guilford County, North Carolina, Case Number 16 CVS 5433. *See* Werther Dec. Ex. 2.

3

Coreolis promptly brought the North Carolina Action to this Court's attention, and asked this Court to modify its prior protective order so that so that discovery material produced in the prior veil piercing action could be used in connection with the North Carolina Action. By Order dated July 20, 2016, this Court granted the Motion to Modify the Protective Order, and authorized the use of the discovery materials in the North Carolina Action, subject to the same confidentiality provisions. The Court noted that the discovery materials would be used by the parties in the North Carolina Action to establish whether SFM was the alter ego of C-S Aviation:

> While Mr. Soros's counsel urges the Court to wait until the North Carolina action reaches a more advanced stage before modifying the Protective Order, he acknowledges that SFM intends to file a motion to dismiss the North Carolina action for lack of personal jurisdiction …Specifically, SFM intends to argue that plaintiffs have failed to make a *prima facie* showing that SFM is the alter ego of C-S Aviation. … The current deadline for the motion is July 21, 2016. …. Because discovery of the actions litigated before this Court will very likely be useful in resolving the jurisdictional issue, the Court sees no reason to delay modifying the Protective Order.

*See* 7/20/16 Memorandum Decision and Order, Werther Dec. Ex. 3 at 5-6 (internal citations omitted). *See also* Modified Protective Order at p.2, Werther Dec. Ex. 4, which expressly authorizes the use of the discovery materials in the North Carolina Action.

In an effort to avoid the North Carolina judicial system, SFM promptly removed the North Carolina Action to federal court in North Carolina as a prelude to a motion to transfer the entire action to federal court in New York, a forum it perceives as friendlier than the Guilford County Superior Court that entered the North Carolina Judgments against C-S Aviation in the first place. *See* Werther Dec. Ex. 5. SFM's effort to avoid North Carolina failed when the United States District Court for the Middle District of North Carolina (J. Biggs) entered an Order, dated 3/31/17, finding there was no diversity jurisdiction over the parties, and remanded the action to Guilford County where it belongs. *See* Remand Order, Werther Dec. Ex. 6. Judge

4

Biggs held that C-S Aviation was a properly joined defendant to the North Carolina Action, and found that there were common questions of law and fact between the state-based claims asserted against C-S Aviation and SFM, which were properly tried in a single action. *Id.* at 15.    The United States District Court in North Carolina concluded that, inasmuch as C-S Aviation was a properly joined defendant, it lacked diversity jurisdiction over the action and remanded to the North Carolina state court. The United States District Court in North Carolina dismissed SFM's Motion to Dismiss as moot, leaving that motion, and the issue of whether SFM is the alter ego of C-S Aviation, to be determined by the North Carolina state court. *Id.* at 15-16.

Rather than proceed in the North Carolina state court, as contemplated by the Remand Order, SFM filed the Declaratory Judgment Complaint (Werther Dec. Ex. 7) in this Court on May 1, 2017, seeking to bring the North Carolina Action to a halt through:

(a)   a preliminary and permanent injunction pursuant to the All Writs Act, 28 U.S.C. §1651 and 28 U.S.C. §2283, enjoining Coreolis from pursuing the North Carolina Action, and enjoining the North Carolina state court from "holding any further proceedings" in the North Carolina Action remanded by the District Court; and

(b)   Declaratory Judgment pursuant to 28 U.S.C. §2201 declaring that SFM is not liable, as the alter ego of C-S Aviation, for the North Carolina Judgments entered against C-S Aviation. (This is the identical issue raised in the North Carolina Action.)

The Declaratory Judgment Complaint does not include TradeWinds Airlines as a defendant, even though it is a plaintiff in the North Carolina Action, and it does not include claims against C-S Aviation, even though it is a properly joined defendant in the North Carolina Action.

At the same time on May 1, 2017, SFM moved by Order to Show Cause for a temporary restraining order and preliminary injunction enjoining Coreolis from prosecuting its claims against SFM and C-S Aviation in the North Carolina Action, and directing that all proceedings in the North Carolina state court be held in abeyance. *See* Werther Dec. Ex. 8-9.

By Order dated May 9, 2017, this Court denied SFM's request for a temporary restraining order and preliminary injunction, and expressly found that "***Adequate relief for all parties involved can be achieved in the pending [North Carolina] State Court Action.***" (Werther Dec. Ex. 11).

The next day, May 10, 2017, SFM filed a motion in the North Carolina Action (Werther Dec. Ex. 12), asking the North Carolina state court to grant the same relief this Court had just denied, *to wit,* to stay the North Carolina proceedings pending the outcome of the Declaratory Judgment action in the Southern District of New York. In making that motion, SFM did not disclose that this Court had entered an Order on May 9 denying injunctive relief, or that this Court had found the pending North Carolina Action offers adequate relief for all parties. (Werther Dec. Ex. 12) As alternative relief, SFM also asks the North Carolina state court to dismiss the North Carolina Action for lack of personal jurisdiction, arguing that personal jurisdiction cannot be established over SFM, as the alter ego of C-S Aviation. *Id.* This is the same motion to dismiss anticipated in this Court's Order of July 20, 2016, which authorized the use of discovery materials produced in the prior action to establish whether SFM is the alter ego of C-S Aviation for purposes of personal jurisdiction and liability. (Werther Dec. Ex. 3 at 5-6) SFM's motion is pending and will be fully litigated before the North Carolina state court.

On May 16, 2017, this Court rendered an Opinion and Order denying SFM all preliminary and permanent injunctive relief, including any injunction that would restrain the

parties from prosecuting their claims in the North Carolina Action or that would enjoin the North Carolina state court from hearing and determining those claims. (Werther Dec. Ex. 13)   This Court found: "*the Court is confident that the state courts of North Carolina are competent to evaluate [SFM's] arguments and determine whether [SFM] is entitled to any relief.*"   For the reasons stated therein, this Court held the North Carolina state court is the proper court for all parties to adjudicate their claims and defenses, and denied SFM's request for a preliminary or permanent injunction enjoining the proceedings in North Carolina.

While SFM was litigating in this Court and in the North Carolina state court, it also commenced litigation in the United States Bankruptcy Court for the Southern District of Florida where the TradeWinds Airlines bankruptcy case is pending.   On May 2, 2017, SFM filed a motion with the Florida Bankruptcy Court for relief from the automatic stay to permit SFM to add TradeWinds Airlines as a defendant in this action, and seek an injunction against TradeWinds Airlines from litigating its claims against SFM in the North Carolina state court. (Werther Dec. Ex. 14)

By Order dated June 14, 2017 the Bankruptcy Court denied SFM's Motion for relief from the automatic stay. (Werther Dec. Ex. 15)   The Bankruptcy Court expressly found that:

> [A]ll issues relevant to the Trustee's claims upon which SFM seeks declaratory relief in the SDNY Action, including res judicata, personal jurisdiction and veil piercing, can be raised in the North Carolina Action, together with any other issues and/or defenses SFM may wish to raise—all without relief from the automatic stay being granted by this Court.
>
> ***
>
> Moreover, the interests of judicial economy do not favor lifting the stay to allow SFM to prosecute redundant and duplicative litigation in the Southern District of New York, while imposing additional expense and delay to the estate and the possibility of inconsistent results.   While the various defenses and other issues that SFM may seek to assert in the SDNY Action and/or the North Carolina Action are not to be decided here, the Court believes that those issues can be fully addressed in the North Carolina Action, without the need for relief from the automatic stay.

*Id.* at 2-3.  The Bankruptcy Court thus prohibited SFM from adding TradeWinds Airlines as a defendant in this action and/or from seeking an injunction against TradeWinds Airlines from litigating its claims against SFM in the North Carolina state court.

Based on this Court's Order of May 9 and Opinion and Order of May 16, 2017, the North Carolina Action will proceed with all parties, so that all claims against SFM and C-S Aviation can be heard and determined in a single court, where "adequate relief for all parties involved can be achieved." (Werther Dec. Ex. 11, 13)  All injunctive relief having been denied, the only issue remaining here is SFM's request for a Declaratory Judgment from this Court as to whether it is the alter ego of C-S Aviation—which is precisely the issue before the North Carolina state court. In short, the identical issue will be pending before this Court and the North Carolina state court, unless this Court abstains and dismisses this action in favor of the pending proceedings in the North Carolina Action.

## ARGUMENT

### I.   The Declaratory Judgment Complaint Should Be Dismissed Under Rule 12(b)(7) for Failure to Join TradeWinds Airlines and C-S Aviation

The Court should dismiss this action under Rule 12(b)(7) because SFM failed to join TradeWinds Airlines as an indispensable defendant, and it failed to join C-S Aviation as an indispensable plaintiff.  Under Rule 19 of the Federal Rules of Civil Procedure, a party with an interest in the subject matter of the action is required to be joined if "disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest."  Here, both standards are

8

clearly met, although only one is necessary. *See, e.g., Envirotech Corp. v. Bethlehem Steel Corp.*, 729 F.2d 70, 77-78 (2d Cir. 1984) (affirming dismissal of counterclaim for failure to join indispensable party). A ruling in this Court that is inconsistent with the ruling of the North Carolina state court would engender years of duplicative litigation, and leave the parties at risk of inconsistent obligations in the two separate actions.

SFM cannot join TradeWinds Airlines to this action, of course, because any litigation against TradeWinds Airlines is stayed under the Bankruptcy Code.[4] When joinder is not feasible, the Court must proceed or dismiss the case based on four factors set out in Rule 19(b): (1) "the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;" (2) the ability to lessen any prejudice by carefully crafting the judgment; (3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff has an adequate remedy in another proceeding if the action is dismissed. *Cf. Seneca Nation of Indians v. New York*, 383 F.3d 45, 48 (2d Cir. 2004) (affirming dismissal of action for failure to join State of New York). These factors clearly favor dismissal here. A judgment entered in TradeWinds absence—if it is favorable to SFM—would greatly prejudice TradeWinds's right to recover in the North Carolina Action. As noted above, if TradeWinds is successful in the North Carolina Action, that judgment would then be inconsistent with any judgment for SFM here, and TradeWinds would have to engage in further protracted litigation on this issue that has already spanned over the course of many years. There would be no ability to lessen prejudice by crafting the judgment. SFM seeks a declaration that the North Carolina Action to which TradeWinds is a party is ineffective, as it seeks a declaration that SFM is not

---

[4] SFM moved to lift the TradeWinds bankruptcy stay in the Bankruptcy Court for the Southern District of Florida— further unnecessarily multiplying litigation. By Order dated June 14, 2017, the Bankruptcy Court *denied* SFM's motion to lift the stay, thus precluding SFM from adding TradeWinds Airlines as a party in this action. (Werther Dec. Ex. 15)

liable for the North Carolina Judgments entered against C-S Aviation.  A judgment rendered in TradeWinds's absence would thus be inadequate, and it would be "hollow."  *Envirotech*, 729 F.2d at 1984.

C-S Aviation also is an indispensable party, as any findings made in this action could prejudice the ability to reverse fraudulent transactions between SFM and C-S Aviation, which are at issue in the North Carolina Action.[5]  Judge Biggs of the Middle District of North Carolina has previously addressed the need to try the claims against C-S Aviation and SFM as part of a single action, even though to do so would destroy diversity jurisdiction.  Judge Biggs, in remanding the North Carolina Action to the North Carolina state court, noted that the fraudulent transfer issue against C-S Aviation and the veil piercing issue against SFM are related insofar as they both "arise out of attempts to satisfy judgments against companies that are related to each other."  *Id.* at 13.  The court further stated that "[s]evering the claims in this case may force Plaintiffs to litigate two separate actions to recover on their judgments, producing a result that is precisely what . . . Rule 20 seeks to prevent."  *Id.*  This Declaratory Judgment action is yet another attempt by SFM to sever these claims when there is a perfectly competent state court in North Carolina that can resolve all of the issues at once.  Of course, SFM has no desire to join C-S Aviation here because including C-S Aviation would destroy diversity, thereby requiring dismissal of this action.  *See* Complaint ¶7, asserting diversity jurisdiction.  SFM has carefully designed this litigation in an attempt to thwart the myriad rules put into place to prevent just this kind of forum shopping and inefficient, multiplicative litigation.  Both as to TradeWinds and C-S Aviation, granting SFM the relief requested would necessarily involve an inadequate judgment that would prejudice the rights of parties not present.

---

[5] TradeWinds Airlines and Coreolis sought enforcement of the North Carolina Judgments against C-S Aviation through the appointment of a receiver to recover fraudulent transfers between SFM and C-S Aviation in the North Carolina Action.  The appointment of a receiver for C-S Aviation is unopposed.

Any judgment here would be completely unnecessary, as SFM clearly has an adequate remedy if this action is dismissed. As this Court noted, SFM has already conceded in this action that there is a possibility of inconsistent rulings because TradeWinds and C-S Aviation are not parties to this action, but both are parties in the North Carolina action. *See* May 16, 2017 Opinion and Order at 11-12. And as this Court further found, SFM, the plaintiff here, has an adequate remedy if the action is dismissed—by simply litigating these issues in the North Carolina state court, where it already has filed a motion to dismiss the action on the same grounds it asserts here. Opinion and Order at 14 ("the Court is confident that the state courts of North Carolina are competent to evaluate Plaintiff's arguments and determine whether Plaintiff is entitled to any relief"). *See Envirotech*, 729 F.2d at 76 (noting that state proceedings provided an adequate remedy, particularly because the parties could utilize discovery from the federal action in the state court).

SFM has left two indispensable parties out of this litigation—neither of which can be joined. For that reason alone, this Court should dismiss this case under Rules 12(b)(7) and 19(b), and the North Carolina state court should be left to resolve these issues without the possibility of inconsistent judgments or other inefficiencies arising out of parallel litigation between some, but not all, of the parties before it and involving some, but not all, of the issues before it.

## II. The Court Has Already Denied All Temporary, Preliminary and Permanent Injunctive Relief Sought by SFM, Holding that It Lacks Authority under the Anti-Injunction Statute to Enjoin the North Carolina State Court and the Parties from Proceeding in the North Carolina Action.

In its May 9 Order, as amplified by its Opinion and Order of May 16, this Court denied SFM's request for a temporary restraining order, preliminary injunction and permanent injunctive relief that would enjoin the Defendants from prosecuting their claims in the North

11

Carolina Action and/or that would enjoin the North Carolina state court from conducting further proceedings in the North Carolina Action. The Court expressly found that "*Adequate Relief for All Parties Involved Can Be Achieved in the Pending State Court Action.*" These Orders effectively moot that prong of the Declaratory Judgment Complaint which seeks injunctive relief.

In its May 16, 2017 Opinion and Order, the Court explained its reasoning and held it lacks authority under the All Writs Act, 28 U.S.C. §1651, and the Anti-Injunction Act, 28 U.S.C. §2283, to enjoin the North Carolina state court from further proceedings because the issue before the North Carolina state court (whether SFM was the alter ego of C-S Aviation) was neither presented to nor actually decided by this Court in the prior veil piercing action against Mr. Soros and Mr. Chatterjee. *See* May 16 Opinion and Order at 7, *citing Smith v. Bayer Corp.*, 564 U.S. 299, 306 (2011) (quoting *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 147 (1988). The Court found that, inasmuch as the issue of whether SFM was the alter ego of C-S Aviation was never actually litigated in the prior action, the relitigation exception to the Anti-Injunction Act does not apply, and thus the Court lacks authority to enjoin the North Carolina state court from further proceedings in the North Carolina Action. *Id.*

The Court also found additional factors weighed in favor of denying injunctive relief. *First,* if a stay were granted against Coreolis from pursuing its claims in the North Carolina Action, there would be a risk of inconsistent rulings because neither TradeWinds Airlines nor C-S Aviation are parties to the Declaratory Judgment action, but both are parties to the North Carolina Action. Parallel actions would ensue in state and federal court, with some but not all of the parties bound by the potentially inconsistent rulings on identical issues. *See* May 16 Opinion and Order at 12. *Second*, the Court found that SFM has the ability to raise all of its defenses,

12

including its res judicata defense, in the North Carolina Action. The Court held that, under controlling law, the proper forum to determine the res judicata effect of the district court's prior judgment is the state court. The Court noted it "*is confident that the state courts of North Carolina are competent to evaluate [SFM's] arguments and determine whether [SFM] is entitled to any relief.*" May 16 Opinion and Order at 14.

In light of the May 9 Order, as amplified by the May 16 Opinion and Order, the first prong of the Declaratory Judgment Complaint should be denied as moot. The North Carolina Action is not enjoined, and is proceeding with all parties and all claims before the North Carolina state court. All of SFM's defenses have been raised in its Motion to Dismiss filed in the North Carolina Action, and will be determined by the North Carolina state court, which this Court has found is more than capable of fairly adjudicating whether SFM is liable for the North Carolina Judgments, as the alter ego of C-S Aviation. The question that remains is whether this Court will abstain from this Declaratory Judgment action in favor of the pending North Carolina Action, or permit two parallel, duplicative actions to go forward on the same issues. It is respectfully submitted the Court should abstain for the reasons discussed below.

### III. This Court Should Abstain in Favor of the Pending North Carolina Action.

#### 1. Under the *Wilton* Doctrine, a District Court Should Abstain from Hearing a Declaratory Judgment Action Where There is a Pending State Suit between the Same Parties Presenting the Same Issues, Not Governed by Federal Law.

This Court should exercise the considerable discretion it has pursuant to the *Wilton* abstention doctrine to dismiss SFM's Declaratory Judgment action in favor of the parallel North Carolina state court proceedings. Abstention in this matter will avoid piecemeal, duplicative litigation and the risk of inconsistent judgments in this action and the North Carolina Action.

It is well-settled law that a district court's decision to exercise jurisdiction over a declaratory judgment action is a matter committed to the sound discretion of the district court. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286, 115 S. Ct. 2137, 132 L.Ed.2d 214 (1995). While generally, abstention is disfavored, the unique nature of declaratory judgment actions calls for a departure from this general rule. *Id;* 17A C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 4247 at 118-20 (2d. Ed. 1988)(explaining the Declaratory Judgment Act's unique grant of discretionary jurisdiction to district courts supports abstention in a declaratory judgment action). The Declaratory Judgment Act, 28 U.S.C. § 2201, neither imposes a duty upon federal courts to decide declaratory judgment actions nor grants entitlement to litigants to demand declaratory remedies. *Id. See also*, *Green v. Mansour*, 474 U.S. 64, 72, 106 S. Ct. 423, 88 L.Ed.2d 371 (1985). In other words, the Declaratory Judgment Act authorizes federal courts to make a declaration of rights but does not obligate them to do so. *Public Affairs Associates, Inc. v. Rickover*, 369 U.S. 111, 112, 82 S. Ct. 580, 7 L.Ed.2d 604 (1962).

In this context, there is no mandate that federal courts have an obligation to exercise jurisdiction. The "exceptional circumstances" test set forth in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 96 S. Ct. 1263, 47 L.Ed.2d 483 (1976), does not apply to declaratory judgment actions such as the case at bar. Instead, the abstention doctrine articulated by the United States Supreme Court in *Wilton v. Seven Falls Co., supra,* governs a district court's analysis of whether it should defer to a similar state action.

In *Wilton,* the United States Supreme Court recognized that district courts have broad discretion to abstain from exercising jurisdiction in declaratory judgment suits in favor of pending state actions—commensurate with their broad discretion not to issue declaratory judgments at all. *Wilton*, 515 U.S. at 286, 115 S. Ct. 2137. Under the *Wilton* doctrine, "the

14

normal principles that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise administration." *Glenclova Investment Co. v. Trans-Resources, Inc.*, 874 F. Supp.2d 292, 305 (S.D. N.Y. 2012)(John F. Keenan, J.)(quoting *Wilton, supra*, 515 U.S. at 288, 115 S. Ct. 2137).   Under *Wilton*, "[t]o avoid wasteful and duplicative litigation, district courts may often dismiss declaratory judgment actions 'where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties.'"   *Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.*, 673 F.3d 84, 104 (2d. Cir. 2012)(quoting *Wilton*, 515 U.S. at 282, 115 S. Ct. 2137).   *See also*, *Dow Jones & Co. v. Harrods Ltd.*, 346 F.3d 357, 359 (2d. Cir. 2003)(the permissive language of the Declaratory Judgment Act grants district courts broad discretion to refuse to exercise jurisdiction over declaratory actions they would otherwise be empowered to hear).

The overarching principle guiding a district court's analysis under *Wilton* is "whether the question in controversy between the parties to the federal suit . . . can better be settled in the proceeding pending in state court." *Glenclova*, 874 F. Supp.2d at 307 (quoting *Wilton*, 515 U.S. at 282, 115 S. Ct. 2137). *Wilton* cited the United States Supreme Court's earlier decision in *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 62 S. Ct. 1173, 86 L.Ed.2d 1620 (1942), as guidance for a district court's abstention analysis in declaratory judgment actions.   Under *Brillhart*, a district court should not ordinarily exercise its discretion to hear a declaratory judgment action where there is another suit between the parties pending in state court that presents the same issues, not governed by federal law. *Brillhart*, 316 U.S. at 495, 62 S. Ct. 1173.   The court's rationale in *Brillhart* is based on three principal tenets:  (i) the avoidance of having federal courts needlessly determine issues of state law; (ii) discouraging litigants from filing federal declaratory

15

judgments actions as a means of forum shopping; and (iii) the avoidance of duplicative litigation. *Id.*

Although *Wilton* did not establish a bright-line test for abstention in favor of state court litigation, it endorsed a non-exclusive list of nine factors set forth in *Brillhart*, including:

> (1) The scope of the pending state proceeding and the nature of the defenses available there; (2) whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding; (3) whether the necessary parties have been joined, (4) whether such parties are amenable to process in that proceeding; (5) avoiding duplicative proceedings; (6) avoiding forum shopping; (7) the relative convenience of the fora; (8) the order of filing; and (9) choice of law.

*Id.* This Court has recognized that "avoidance of piecemeal litigation is the most important factor in the Court's abstention analysis." *Glenclova*, 847 F. Supp.2d at 313 (citing *Woodford v. Cmty. Action Agency of Greene Cnty., Inc.*, 239 F.3d 517, 522-524 (2d. Cir. 2001), and extending *Wilton's* discretionary abstention standard beyond the declaratory judgment context to abstain from exercising jurisdiction over statutory interpleader actions in favor of parallel state court proceedings).

SFM's Declaratory Judgment action is the very type of case for which *Wilton* abstention was created. All of the factors endorsed in *Wilton* favor abstention in this case. Defendants' North Carolina Action raised the precise issue SFM asks the Court to decide here -- whether SFM may be held liable for the North Carolina Judgments under a veil-piercing theory. All of the claims in the North Carolina Action, and any defenses to those claims, are state-based and are governed by state law, not federal law. All of the defenses SFM cites as a basis for this Court to declare it cannot be held liable for the North Carolina Judgments are equally available to SFM in the North Carolina Action. Indeed, this Court recognized in its May 16, 2017 Opinion and Order that the North Carolina state court is the proper forum to determine whether the claims in the

16

North Carolina Action are barred by res judicata or any other defenses SFM may raise. Opinion and Order at pp. 12-14.

All parties necessary to resolve Defendant's veil-piercing claim against SFM are parties to the North Carolina Action and have been served with process. Abstention in favor of the North Carolina Action, where all of the parties seeking to hold SFM liable for the North Carolina Judgments are before the court, will achieve what this Court recognizes as the most important factor in the abstention analysis -- the avoidance of piecemeal litigation. As stated above, SFM has not named Tradewinds Airlines, one of the plaintiffs in the North Carolina Action, as a defendant in this Declaratory Judgment action because to do so would violate the automatic stay in place in Tradewinds Airlines' pending Chapter 7 bankruptcy case.[6] C-S Aviation, one of the defendants in the North Carolina Action, is likewise not a party to the Declaratory Judgment action. Absent abstention by this Court, Defendants and their affiliate, Tradewinds Airlines, will be made to pursue their identical veil-piercing claims against SFM on parallel paths in state and federal court.

Even if all parties to the North Carolina Action were present here, an exercise of jurisdiction by this Court would still result in parallel, duplicative federal and state court proceedings. This Court has determined that the relitigation exception to the Anti Injunction Act does not authorize it to enjoin the North Carolina Action. *See* May 16, 2017 Opinion and Order

---

[6] On May 2, 2017, SFM filed a motion in the bankruptcy case to lift the automatic stay for the purpose of adding Tradewinds Airlines as a defendant in this Declaratory Judgment action. The Bankruptcy Court entered an Order on June 14, 2017, denying SFM's motion to lift the stay, precluding SFM from naming TradeWinds Airlines as a defendant in this action, or seeking injunctive relief against SFM to preclude it from prosecuting its claims against SFM in the North Carolina Action. The Bankruptcy Court found:

> [A]ll issues relevant to the Trustee's claims upon which SFM seeks declaratory relief in the SDNY Action, including res judicata, personal jurisdiction and veil piercing, can be raised in the North Carolina Action, together with any other issues and/or defenses SFM may wish to raise—all without relief from the automatic stay being granted by this Court.

(Werther Dec. Ex. 15)

at pp. 13-14. If this Court were to exercise jurisdiction over SFM's Declaratory Judgment action, the parties would be subjected to the expense and effort of two duplicative lawsuits in two separate forums, with the attendant risk of inconsistent judgments. Such a result is clearly unwarranted. As SFM's counsel admitted before this Court, a satisfactory resolution of all claims by all parties can be achieved in the North Carolina state court. *See* May 16, 2017 Opinion and Order at 12, citing Tr. of Hr'g at 14-15 (Werther Dec. Ex. 10).

Abstention in favor of the North Carolina Action would also thwart the kind of forum shopping maneuvers this Court lamented in *Glenclova*. An examination of SFM's pleadings in the North Carolina Action is telling. Less than a month after removing Defendants' state court suit to the United States District Court for the Middle District of North Carolina, SFM filed a motion to transfer the case to the United States District Court for the Southern District of New York. Now that the North Carolina Action has been remanded to North Carolina state court, and SFM's motion to transfer is moot, SFM has filed its Declaratory Judgment action in this Court on the very same claim that is the subject of the pending North Carolina Action. SFM's clear preference to litigate this case in the Southern District of New York should not be determinative where, as here, the relief it seeks is equally available in the pending state court proceeding. This is particularly true of SFM's res judicata defenses, which *should* be determined by the North Carolina state court. As this Court held, "deciding whether and how prior litigation has preclusive effect is usually the bailiwick of the <u>second</u> court..." *Smith*, 564 U.S. at 308 (emphasis in the original)." May 16 Opinion and Order at 7. *See also Staffer v. Bouchard Transp. Co., Inc.*, 878 F.2d 638, 643 (2d Cir. 1989) ("[t]he proper forum to determine the res judicata effects of the district court's judgment is the state court, "which [is] presumed competent to resolve such matters." ). May 16 Opinion and Order at 8-9.

The last three *Wilton* factors also favor abstention.  New York is not a more convenient forum than North Carolina for the litigants in the North Carolina Action, all of which are business entities incorporated or formed in Delaware, and two of which -- Tradewinds Airlines and Tradewinds Holdings -- had their principal place of business in Greensboro, North Carolina during the time period relevant to the suit.  The trial that resulted in the underlying North Carolina Judgments entered against C-S Aviation took place in the General Court of Justice, Superior Division, Guilford County, North Carolina, the same court where the North Carolina Action is pending.  Moreover, the documents and witnesses relevant to the veil-piercing claim are just as easily accessible in North Carolina as they are in New York.  Most, if not all, of the evidence required to resolve this claim was developed during discovery in the prior veil-piercing claim against Soros and Chatterjee.  Hundreds of thousands of documents were produced by SFM and others, and dozens of depositions were taken in that prior action.  This Court modified the protective order governing the use of those discovery materials to authorize their use in the North Carolina Action.  *See* Order dated July 20, 2016.  (Werther Dec. Ex. 4)  Thus, the Southern District of New York is not a more convenient forum than North Carolina.

The North Carolina Action was filed in May 2016, nearly one year before the date SFM filed this Declaratory Judgment action.  Thus, the "order of filing" factor endorsed in *Wilton* favors abstention.  Finally, Defendants' veil-piercing claim against SFM is a state-based claim that is governed by state law, as are SFM's defenses to that claim.  No issue of federal law is involved.  Since all of the *Wilton* factors weigh in favor of abstention, the Court should clearly abstain in favor of the North Carolina Action to further the goal of judicial economy and to avoid the risk of inconsistent judgments, and the complications and expense of duplicative, piecemeal litigation.

### 2. The *Wilton* Abstention Doctrine Applies to SFM's Pure Declaratory Judgment Action.

This Court's abstention analysis is clearly governed by the *Wilton* doctrine. SFM seeks a Declaratory Judgment pursuant to 28 U.S.C. §2201 that SFM is not liable, as the alter ego of C-S Aviation, for the North Carolina Judgments entered against C-S Aviation. Although SFM initially sought injunctive relief under the All Writs Act, 28 U.S.C. §1651 and 28 U.S.C. §2283, to enjoin Coreolis from pursuing the North Carolina Action, and to enjoin any further proceedings in the North Carolina Action, the Court denied SFM's requests for temporary, preliminary and permanent injunctive relief. *See* May 16, 2017 Opinion and Order. The Court's denial of all injunctive relief has rendered moot SFM's argument that *Colorado River* must be applied whenever a federal action includes both a request for declaratory judgment and claims seeking non-declaratory relief.[7] The instant proceeding now seeks purely declaratory relief. Thus, there is no viable argument that the *Colorado River* abstention doctrine, rather than the *Wilton* abstention doctrine, applies here.

### 3. Even if the *Colorado River* Doctrine Does Apply, Abstention is Warranted.

Even if *Colorado River* did govern the abstention analysis here (which it does not), abstention is still warranted. Under *Colorado River*, *supra*, the district court must consider the following six factors in deciding whether exceptional circumstances warrant dismissal of a pending action in favor of state court litigation:

> (1) whether the controversy involves a res over which one of the courts has assumed jurisdiction; (2) whether the federal forum is less inconvenient than the other for the parties; (3) whether staying or dismissing the federal action will avoid piecemeal litigation; (4) the order in which the actions were filed, and whether proceedings have advanced more in one forum than the other; (5) whether federal law provides the rule of decision; and (6) whether the state procedures are adequate to protect the plaintiff's federal rights.

---

[7] This argument was previously advanced by SFM in its Reply Memorandum of Law in Support of its unsuccessful Motion for a Temporary Restraining Order and Preliminary Injunction.

*Glenclova, supra*, 874 F. Supp.2d at 312 (citing *Woodford*, *supra*, 239 F.3d at 522). The decision whether to abstain in favor of a parallel state court proceeding does not depend on a mechanical checklist, but on a careful balancing of the important factors as they apply to the case at hand. *Glenclova*, 874 F. Supp.2d at 312 (citing *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 16, 103 S. Ct. 927, 74 L. Ed.2d 765 (1983)).

While the balance of factors under *Colorado Rivers* should be weighted in favor of the exercise of jurisdiction, *see Id.*, the application of these factors to the instant case shows that exceptional circumstances exist warranting abstention under *Colorado River*. This matter does not involve a res over which the federal court or the state court has assumed jurisdiction. As discussed above, the federal forum is not more convenient for the parties given this Court's modification of the protective order entered in the prior veil-piercing suit to permit the voluminous discovery developed in that action to be used in the North Carolina Action. *See* Order dated July 20, 2016.

The most important factor in the *Colorado River* abstention analysis is the same as that in the *Wilton* abstention analysis -- the avoidance of piecemeal litigation. *Glenclova*, 874 F. Supp.2d at 313. Once again, this key factor weighs heavily in favor of abstention. Unlike in the North Carolina Action, where all parties necessary to litigate the veil-piercing claim against SFM are present, Tradewinds Airlines and C-S Aviation are not parties to this suit. Moreover, this Court held that it is not empowered under the relitigation exception to the Anti-Injunction Act to enjoin the North Carolina Action. *See* May 16, 2017 Opinion and Order at pp. 13-14. Rather, this Court expressed its confidence that the North Carolina state court is competent to resolve all the issues SFM has raised in this suit. *Id.* If this Court were to exercise jurisdiction over SFM's request for declaratory relief, then this Court and the North Carolina state court would proceed to

21

adjudicate the exact same issues on parallel but separate paths. The outcome of such a ruling would be piecemeal, duplicative litigation resulting in certain increased expenses for all parties, and inherently inconsistent judgments, since the judgment of this Court would not include a critical party – Tradewinds Airlines.

The final three *Colorado River* factors likewise weigh in favor of abstention. Although the North Carolina Action is in its early stages, it was filed nearly a year before the present suit. Multiple motions have been filed in the North Carolina Action, including SFM's pending motion to dismiss that asserts all of the same defenses SFM raises here. Federal law does not provide the rule of decision for either Defendant's veil piercing claim against SFM or for SFM's defenses that this claim is barred by the doctrine of res judicata. It is uncontested that state law, and not federal law, applies.

Finally, all of the same defenses SFM asserts here are equally available to SFM in the North Carolina Action, including SFM's claim that the North Carolina state court lacks personal jurisdiction over it. Indeed, SFM raised all of these defenses in its pending motion to dismiss in the North Carolina Action. *See* SFM's Motion to Dismiss filed May 10, 2017. (Werther Dec. Ex. 12) Thus, there is no basis to conclude that North Carolina state court procedures are inadequate to protect SFM's rights, as well as all the other parties to the North Carolina Action.

### CONCLUSION

Based on the foregoing, abstention and prompt dismissal of this action are appropriate and warranted because: (i) SFM has brought this action as a flagrant end-run around the Remand Order of the United States District Court for the Middle District of North Carolina; (ii) TradeWinds Airlines is a necessary party, and cannot be joined because it is protected by the automatic stay of the Bankruptcy Code; and (iii) C-S Aviation is a necessary party to this action,

and cannot be joined without destroying diversity jurisdiction. In short, any declaratory judgment entered by this Court will adjudicate some but not all of the claims asserted in the North Carolina Action, and will bind some but not all of the parties to the North Carolina Action. Moreover, any declaratory judgment entered by this Court may be inconsistent with any findings made in the parallel North Carolina Action on the same issues.

It is clear that SFM is currently litigating in two separate courts—this Court and the North Carolina state court—in an effort to forum shop.[8] Respectfully, this should not be tolerated. Prompt dismissal of this action would enable the North Carolina Action to proceed in the North Carolina state court without further delay, where the interests of all parties can be adequately protected.

Dated:  New York, New York
        June 16, 2017

RESSLER & RESSLER

By: _____
    Ellen R. Werther

48 Wall Street
New York, NY 10005
(212) 695-6446
*Attorneys for Defendants*
*Coreolis Holdings, Inc. and*
*TradeWinds Holdings, Inc.*

---

[8]  SFM's efforts to forum shop actually span four separate courts, if one includes SFM's unsuccessful efforts in the Middle District of North Carolina and the Florida Bankruptcy Court—where both courts found that the North Carolina Action should be tried in the North Carolina state court.

23