USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 03/12/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------- X
SOROS FUND MANAGEMENT LLC,              :
                                        :
                 Plaintiff,             :
                                        :
     -against-                          :  No. 17 Civ. 3187 (JFK)
                                        :  **OPINION & ORDER**
TRADEWINDS HOLDINGS, INC.,              :
and COREOLIS HOLDINGS, INC.,            :
                                        :
                 Defendants.            :
------------------------------- X

APPEARANCES

FOR PLAINTIFF SOROS FUND MANAGEMENT, LLC
     Martin Klotz
     Arthur Biller
     WILLKIE FARR & GALLAGHER LLP

     Raymond Fitzgerald
     David J. McCarthy
     BUTLER, FITZGERALD, FIVESON & McCARTHY PC

FOR DEFENDANTS TRADEWINDS HOLDINGS, INC.
AND COREOLIS HOLDINGS, INC.
     Bruce J. Ressler
     Ellen R. Werther
     RESSLER & RESSLER

**JOHN F. KEENAN, United States District Judge**:

Before the Court is a motion by Defendants TradeWinds Holdings, Inc. ("Holdings") and Coreolis Holdings, Inc. ("Coreolis," and, together with Holdings, the "Defendants") to dismiss Plaintiff Soros Fund Management LLC's ("SFM") complaint seeking declaratory relief. Defendants argue that dismissal is proper under Federal Rule of Civil Procedure 12(b)(7) due to the absence of certain entities or, in the alternative, because the

1

Court should abstain in favor of another proceeding pending in North Carolina state court. In response, SFM argues that dismissal under Rule 12(b)(7) is unwarranted and that the Court should not abstain due to the presence of issues of federal law. For the reasons stated below, the Court will abstain and Defendants' motion is granted.

## I. Background

Familiarity with this Court's prior Opinion and Order is presumed. (See Op. & Order, ECF No. 25 (filed May 16, 2017).) However, a summary of the history of this action and related litigation is appropriate.

SFM is an investment advisory firm. (Compl. ¶ 3, ECF No. 1 (filed May 1, 2017).) Coreolis owns Holdings. (Id. ¶ 5.) During the relevant period, Holdings owned TradeWinds Airlines, Inc. ("Airlines"), now a Chapter 7 debtor in bankruptcy proceedings pending before the Bankruptcy Court for the Southern District of Florida. (Id. ¶ 5; Pl.'s Mem. in Opp'n at 2, ECF No. 34 (filed July 17, 2017).)

The instant action arises from the fact that Defendants hold state court judgments against C-S Aviation Services, Inc. ("C-S Aviation"), a management company for an aircraft leasing business from which Defendants and Airlines leased aircraft. (Compl. ¶¶ 11, 16.) In 2010, a North Carolina state court entered two judgments against C-S Aviation, one in favor of

2

Defendants and one in favor of Airlines. (Id. ¶ 16; Pl.'s Mem. in Opp'n at 4.) Earlier, in 2004, the North Carolina state court entered a default against C-S Aviation, which failed to appear, having gone out of business prior to the commencement of the litigation. (Compl. ¶ 13; Pl. Mem. in Opp'n at 3.)

After obtaining the judgments against C-S Aviation, Defendants and Airlines brought veil-piercing actions against George Soros and Purnendu Chatterjee in this Court (the "SDNY Action"), alleging that they were C-S Aviation's alter egos and responsible for its debts. See TradeWinds Airlines, Inc. v. Soros, 101 F. Supp. 3d 270, 271-72 (S.D.N.Y. 2015). In 2015, the Court granted summary judgment for Soros and Chatterjee, concluding that the "absence of evidence suggesting a 'mingling of the operations' of C-S Aviation and Soros and Chatterjee is fatal to Plaintiffs' claims." Id. at 272, 279.

On May 26, 2016, Defendants and Airlines commenced a new action in North Carolina state court (the "NC Action"), asserting a veil-piercing claim against SFM and seeking to hold it liable as the alter ego of C-S Aviation. (Compl. ¶ 20; Decl. of Ellen R. Werther Ex. 2, ECF No. 31-2 (filed June 16, 2017).) Subsequently, Defendants and Airlines amended their complaint to add C-S Aviation as a defendant. (Compl. ¶ 22; Decl. of Ellen R. Werther Ex. 2.) On June 23, 2016, SFM removed the case to the Middle District of North Carolina and later moved to dismiss the

3

case or otherwise transfer it to the Southern District of New York. (Compl. ¶¶ 23-24.)  On March 31, 2017, Judge Loretta Biggs of the Middle District of North Carolina granted Defendants and Airlines' motion to remand the case to North Carolina state court. (Id. ¶ 26; Decl. of Ellen R. Werther Ex. 6.)

On May 1, 2017, SFM filed the instant action in this Court (the "Declaratory Judgment Action"), seeking to enjoin the NC Action and a declaration that SFM is not liable for the judgments against C-S Aviation. (Compl. ¶ 1.)  After a hearing on May 8, 2017, the Court denied SFM's request for injunctive relief. (Order, ECF No. 20 (filed May 9, 2017); Op. & Order, ECF No. 25 (filed May 16, 2017).)  The Court concluded that the relitigation exception to the Anti-Injunction Act, 28 U.S.C. § 2283, did not apply and, thus, the Court lacked authority to enjoin the NC Action. (Op. & Order at 11, ECF No. 25.)  The Court noted several other factors that further counseled against injunctive relief, including SFM's acknowledgement of a "theoretical possibility of inconsistent rulings" and that "satisfactory resolution of all claims by all parties can be achieved in the North Carolina state court." (Id. at 11-12.) Additionally, the Court noted that "allowing the North Carolina state court to proceed does not alleviate its obligation to consider the preclusive effect of the prior federal judgment." (Id. at 12.)

4

On May 10, 2017, SFM moved to dismiss the NC Action for lack of personal jurisdiction or, in the alternative, to stay the NC Action pending the outcome of the Declaratory Judgment Action. (Pl.'s Mem. in Opp'n at 7; Decl. of Ellen R. Werther Ex. 12.) According to Defendants, oral argument on SFM's motion will take place on March 15, 2018, and the North Carolina state court is expected to issue a decision shortly thereafter. (Letter from Bruce J. Ressler to Hon. John F. Keenan, ECF No. 42 (filed Dec. 20, 2017).)

With respect to the Declaratory Judgment Action, Defendants assert two grounds for dismissal. First, Defendants contend that dismissal is warranted under Rule 12(b)(7) for failure to join C-S Aviation or Airlines. (Defs.' Mem. at 8, ECF No. 32 (filed June 16, 2017).) Second, Defendants argue that, in light of the pending NC Action, the Court should abstain pursuant to Wilton v. Seven Falls Co., 515 U.S. 277 (1995). (Id. at 13.) The Court heard oral argument on Defendants' motion on November 14, 2017.

## II. Applicable Law

### A. The Declaratory Judgment Act

The Declaratory Judgment Act, 28 U.S.C. § 2201, provides as follows:

> In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate

5

> pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

Thus, by its express terms, the Declaratory Judgment Act "vests a district court with discretion to determine whether it will exert jurisdiction over a proposed declaratory action or not." Dow Jones & Co., Inc. v. Harrods Ltd., 346 F.3d 357, 359 (2d Cir. 2003).

The Second Circuit has identified five factors "to guide the exercise of discretion in Declaratory Judgment Act cases." Id. A district court entertaining a declaratory judgment action must consider: (1) "whether the judgment will serve a useful purpose in clarifying or settling the legal issues involved"; (2) "whether a judgment would finalize the controversy and offer relief from uncertainty"; (3) "whether the proposed remedy is being used merely for 'procedural fencing' or a 'race to res judicata'"; (4) "whether the use of a declaratory judgment would increase friction between sovereign legal systems or improperly encroach on the domain of a state or foreign court"; and (5) "whether there is a better or more effective remedy." Id. at 259-60; see also Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist., 673 F.3d 84, 105-06 (2d Cir. 2012) (finding abuse of discretion and remanding where district court did not consider Dow Jones factors before deciding to abstain).

## B. Wilton Abstention

In Wilton, the Supreme Court recognized that "[d]istinct features of the Declaratory Judgment Act . . . justify a standard vesting district courts with greater discretion" to abstain in declaratory judgment actions. 515 U.S. at 286. Specifically, the Supreme Court "held that a district court's decision to stay or dismiss a declaratory judgment action in deference to a parallel state court proceeding is governed by the discretionary standard set forth in Brillhart v. Excess Insurance Co., 316 U.S. 491 (1942), rather than the 'exceptional circumstances' test developed in Colorado River[.]" Youell v. Exxon Corp., 74 F.3d 373, 374 (2d Cir. 1996). "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." Wilton, 515 U.S. at 288.

"Although the Wilton Court did not lay out a bright-line test for abstention in favor of state court litigation, it did endorse the non-exclusive list of factors set forth in Brillhart v. Excess Ins. Co., 316 U.S. 491 (1942)." Glenclova Inv. Co. v. Trans-Resources, Inc., 874 F. Supp. 2d 292, 307 (S.D.N.Y. 2012). Relevant considerations include: (1) "the scope of the pending state proceeding and the nature of defenses open there;" (2) "whether the claims of all parties in interest can

7

satisfactorily be adjudicated in that proceeding"; (3) "whether necessary parties have been joined"; and (4) "whether such parties are amenable to process in" the state proceeding. Wilton, 515 U.S. at 283 (quoting Brillhart, 316 U.S. at 495). Some courts in this District, citing Wilton and Brillhart, have analyzed as many as nine factors. See, e.g., TIG Ins. Co. v. Fairchild Corp., No. 07 Civ. 8250(JGK), 2008 WL 2198087, at *2 (S.D.N.Y. May 27, 2008).

Under Second Circuit authority, Wilton "does not apply where . . . a plaintiff does not seek purely declaratory relief, but also . . . seeks damages caused by the defendant's conduct." Kanciper v. Suffolk Cnty. Soc'y for the Prevention of Cruelty to Animals, Inc., 722 F.3d 88, 93 (2d Cir. 2013) (quoting Niagara Mohawk, 673 F.3d at 106). Additionally, a district court may abuse its discretion by abstaining under Wilton when a declaratory judgment action calls for resolution of "novel questions of federal law." Youell, 74 F.3d at 376.

### III. Discussion

#### A. Abstention is Warranted

Applying the Dow Jones factors, which "guide the exercise of discretion in Declaratory Judgment Act cases," the Court concludes that abstention is warranted. Dow Jones, 346 F.3d at 359.

8

The first factor weighs in favor of abstention. A declaratory judgment would not serve a useful purpose because there is an earlier filed case on the merits pending in North Carolina state court. "One basis for declining to hear a declaratory judgment action is the existence of a pending action in another court that will resolve the controversies between the parties[.]" Gates Constr. Corp. v. Koschak, 792 F. Supp. 334, 336 (S.D.N.Y. 1992). The Court has previously observed that there is no dispute that "satisfactory resolution of all claims by all parties can be achieved in the North Carolina state court." (Op. & Order at 12.) Thus, SFM may raise its desired defenses, including those related to federal due process and the application of federal common law that it wishes to raise here, in the NC Action. (See Tr. of Hr'g at 21, ECF No. 39 (filed Dec. 1, 2017).)

The second factor also weighs in favor of abstention. Given the pendency of the NC Action and the fact that a ruling here would not bind all the parties in the NC Action,[1] a declaratory judgment here would not promise finality. See St. Paul Fire & Marine Ins. Co. v. Scopia Windmill Fund, LP, 87 F. Supp. 3d 603, 608 (S.D.N.Y. 2015) ("[T]here is no pending parallel state court action, as is often the case when courts

---

[1] As noted elsewhere in this Opinion, Airlines and C-S Aviation are parties to the NC Action, but not here.

9

abstain from hearing declaratory judgment actions, and so judgment in this case will finalize the controversy."). Nor would a declaratory judgment provide relief from uncertainty. "The purpose of the Declaratory Judgment Act is to provide an avenue for 'parties who [are] uncertain of their rights [to] adjudicate their claims without first engaging in dubious conduct.'" Am. Int'l Grp., Inc. v. Pac. Inv. Mgmt. Co. LLC, 15 Civ. 3339 (PAC), 2016 WL 1572994, at *3 (S.D.N.Y. Apr. 18, 2016) (quoting Penguin Books USA Inc. v. Walsh, 929 F.2d 69, 72 (2d Cir. 1991)). Defendants and Airlines obtained judgments against C-S Aviation more than seven years ago and the underlying misconduct occurred more than a decade ago. SFM was sued in connection with that conduct in the NC Action, which was filed before SFM brought the Declaratory Judgment Action. As noted above, there is no reason that SFM's desired defenses cannot be adjudicated by the North Carolina state court, nor is there any reason to doubt that they would be promptly ruled on. (See Letter from Bruce J. Ressler to Hon. John F. Keenan, ECF No. 42 (stating that oral argument on SFM's motion to dismiss the NC Action will take place on or about March 15, 2018, and a decision is expected "shortly thereafter").)

With respect to the third factor, Defendants and SFM each accuse the other of procedural brinksmanship and forum shopping. On the one hand, Defendants charge SFM with forum shopping by

attempting to remove to federal court and transfer the NC Action to this District and then, when that strategy failed, filing the Declaratory Judgment Action with this Court. (Defs.' Mem. at 18.) On the other hand, SFM contends that Defendants forum shopped by selecting a new, state court forum after receiving an adverse ruling in the SDNY Action. (Pl.'s Mem. in Opp'n at 20.) These strategies may well offset each other, however the Court observes that adjudicating the Declaratory Judgment Action could "impermissibly circumvent Judge [Biggs'] ruling that removal was improper by providing a rear entrance into federal court." Am. Int'l Grp., 2016 WL 1572994, at *3.

The fourth factor weighs in favor of abstention. A declaratory judgment "would undermine principles of federalism and comity by needlessly intruding on the state court's jurisdiction to resolve the dispute." Id. at *4. SFM contends otherwise, arguing that the Declaratory Judgment Action, like Youell, raises "novel questions of federal law" that demand federal court resolution. 74 F.3d at 376. SFM also claims that the instant case is "on all fours" with Youell. (Pl.'s Mem. in Opp'n at 9.) The Court will address each of SFM's arguments in turn.

SFM argues that "federal law governs the question of what law applies to SFM's res judicata argument" and urges the Court to "exercise jurisdiction to ensure that the appropriate federal

11

rule is applied to protect the res judicata effect of this Court's own prior judgment." (Pl.'s Mem. in Opp'n at 1, 14-15.) A court, however, does not "usually 'get to dictate to other courts the preclusion consequences of its own judgment.'" Smith v. Bayer Corp., 564 U.S. 299, 307 (2011) (quoting C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 4405 (2d ed. 2002). Furthermore, "[d]eciding whether and how prior litigation has preclusive effect is usually the bailiwick of the second court[.]" Id. (emphasis in original); see also Staffer v. Bouchard Transp. Co., Inc., 878 F.2d 638, 643 (2d Cir. 1989) ("Here, the proper forum for a complete investigation of the res judicata effects of the district court's judgment is the state court[.]"). Thus, even assuming that SFM is correct with respect to the applicable principles of res judicata, the process for reaching a determination is well-settled and there is no need for the Court to adjudicate the Declaratory Judgment Action to "protect" its prior judgment.

SFM also contends that courts in this Circuit have not squarely addressed the narrow question of "whether a default judgment can be enforced against an alter ego who has not had notice and an opportunity to defend the underlying claims[.]" (Pl.'s Mem. in Opp'n at 11 (emphasis in original).) However, courts in this District have held that a judgment may be enforced against an alter ego, even if the alter ego was not a

party to the underlying suit, so long as the alter ego is a party to the action determining the alter ego status. See Imagineering, Inc. v. Lukingbeal, No. 94 CIV. 2589(RLC), 1997 WL 363591, at *5 n.11 (S.D.N.Y. June 30, 1997) ("Nonetheless, '[w]hen the alleged "alter ego" is a party to the action where the "alter ego" status is litigated, due process will be satisfied.'" (quoting Wm. Passalacqua Builders, Inc. v. Resnick Developers S., Inc., 611 F. Supp. 281, 284 (S.D.N.Y. 1985), rev'd in part on other grounds, 933 F.3d 131 (2d Cir. 1991))); see also Wm. Passalacqua Builders, 611 F. Supp. at 284 ("Therefore, although Defendants were not named parties to the underlying action, if they are found to be 'alter egos' of Developers, the judgment may be enforced against them, as if they were named parties to that action."). Moreover, "[w]hen considering declaratory judgment actions, many courts, after weighing all the pertinent factors, have deemed it proper to abstain from jurisdiction even where a federal question exists." Machat v. Sklar, No. 96 Civ. 3796 SS, 1997 WL 599384, at *4 (S.D.N.Y. Sept. 29, 1997).

Furthermore, the Court is not persuaded that the instant case is "on all fours" with Youell. There, the Second Circuit reversed the district court's dismissal of a declaratory judgment action due to the presence of a "novel federal admiralty question." 74 F.3d at 376. A key point of distinction

13

from the instant case is the determination that Youell "sounded in admiralty." Youell v. Exxon Corp., 48 F.3d 105, 108 (2d Cir. 1995), vacated, 516 U.S. 801 (1995); see also Folksamerica Reinsurance Co. v. Clean Water of New York, Inc., 413 F.3d 307, 317 (2d Cir. 2005) (explaining that "we exercised admiralty jurisdiction" in Youell). Elsewhere, the Second Circuit has referred to "the federal interest . . . in the quintessentially federal realm of admiralty[.]" Blue Whale Corp. v. Grand China Shipping Dev. Co., Ltd., 722 F.3d 488, 497 (2d Cir. 2013). Here, in contrast, diversity of citizenship forms the alleged basis for jurisdiction and the controversy—SFM's possible status and liability as an alter ego—sounds in state law. See OOO v. Empire United Lines Co., Inc., 557 F. App'x 40, 45 n.4 (2d Cir. 2014) ("[U]nder New York choice of law rules, the state of incorporation's law governs veil piercing.") Accordingly, Youell does not compel the Court to hear the Declaratory Judgment Action.

The fifth and final Dow Jones factor also weighs in favor of abstention. There is "a simpler, better and more effective remedy than a declaratory judgment action: allowing [SFM's] defense[s] to be resolved in the first-filed underlying litigation" in North Carolina state court. Am. Int'l Grp., 2016 WL 1572994, at *4.

In sum, the Court finds that at least four of the five Dow Jones factors weigh in favor of declining to exercise discretionary jurisdiction here.

The Brillhart factors identified by the Supreme Court in Wilton reinforce the conclusion that abstention is warranted. It is appropriate to invoke the Wilton doctrine here due to the presence of a federal declaratory judgment action and a parallel proceeding in state court. Also, reference to Wilton is appropriate because, at this point in the litigation, SFM seeks "purely declaratory relief." Kanciper, 722 F.3d at 93 (quoting Niagara Mohawk, 673 F.3d at 106). The complaint made no demand for damages and the Court has denied SFM's requested injunctive relief.[2] (See Order, ECF No. 20; Op. & Order, ECF No. 25.)

The first Brillhart factor weighs in favor of abstention. The "scope of the pending state proceeding" is broader than, but also contains all of the issues presented in, the Declaratory Judgment Action. Both the Declaratory Judgment Action and the NC Action raise the same issue: whether SFM may be held liable for the judgments against C-S Aviation under a veil-piercing theory. (See Compl. ¶ 1; Decl. of Ellen R. Werther Ex. 2.) All of the parties in the Declaratory Judgment Action are also

---

[2] SFM's counsel agreed that "this is a purely declaratory judgment case for purposes of this motion[.]" (Tr. of Hr'g at 20, ECF No. 39.)

parties in the NC Action.  The NC Action also includes Airlines and C-S Aviation, two parties with an interest in the outcome and whose involvement can reasonably be expected to contribute to the litigation.  As to "the nature of defenses open" in the NC Action, SFM's counsel has acknowledged that the North Carolina state court can address all of the issues presented, including SFM's desired defenses. (Tr. of Hr'g at 14-15, ECF No. 28 (filed May 23, 2017); Tr. of Hr'g at 21, ECF No. 39.)  Thus, it is also clear that the second Brillhart factor—i.e., "whether the claims of all parties in interest can satisfactorily be adjudicated in" the NC Action—also weighs in favor of abstention.

Regarding the third and fourth Brillhart factors, all entities relevant to the dispute—including all parties to the Declaratory Judgment Action—are parties to the NC Action and have been served with process. (Defs.' Mem. at 17.)

Under Wilton, "the overarching principle guiding the district court's analysis is 'whether the questions in controversy between the parties to the federal suit . . . can better be settled in the proceeding pending in the state court.'" Glenclova, 874 F. Supp. 2d at 307 (quoting Wilton, 515 U.S. at 282.)  The Court's analysis of the Brillhart factors supports the conclusion that the questions in controversy here can better be settled in the NC Action.

**B. Dismissal of the Declaratory Judgment Action is Appropriate**

Having decided to abstain, the Court further concludes that dismissal of the Declaratory Judgment Action is appropriate. According to the Wilton Court, "where the basis for declining to proceed is the pendency of a state proceeding, a stay will often be the preferable course, because it assures that the federal action can proceed without the risk of a time bar if the state case, for any reason, fails to resolve the matter in controversy." 515 U.S. at 288 n.2. Where, however, the entirety of a plaintiff's claim in a declaratory action constitutes a defense in a pending state proceeding, courts in this District have found that dismissal, rather than a stay, is proper. See ICBC Standard Sec., Inc. v. Luzuriaga, 217 F. Supp. 3d 733, 741 (S.D.N.Y. 2016); A&E Television Networks v. Genuine Entm't, Inc., No. 09 Civ. 7422(RJH), 2010 WL 2308092, at *3 (S.D.N.Y. June 10, 2010); TIG Ins. Co. v. Fairchild Corp., No. 07 Civ. 8250(JGK), 2008 WL 2198087, at *5 (S.D.N.Y. May 27, 2008). As in ICBC, A&E, and TIG Ins. Co., the entirety of SFM's claim in the Declaratory Judgment Action also constitutes a defense in the NC Action. (See Compl. ¶ 39 (seeking declaration that SFM is not liable for judgments against C-S Aviation because of arguments based on res judicata, defects in Defendants' veil-piercing claim, and due process).) Accordingly, the Declaratory Judgment Action is dismissed.

## Conclusion

For the reasons stated above, the Court will abstain and Defendants' motion to dismiss is GRANTED. In light of the Court's conclusion based on <u>Wilton</u> and <u>Dow Jones</u>, it is not necessary to address the parties' arguments related to dismissal pursuant to Rule 12(b)(7).

The Clerk of the Court is respectfully directed to terminate the motion docketed at ECF No. 30, and to close this case and remove it from the docket of this Court.

**SO ORDERED.**

Dated:   New York, New York
          March 12, 2018

*John F. Keenan*
John F. Keenan
United States District Judge